FILED
JUN - 8 2016
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. |
| SHELLEY J. FOX, | ) 4:16CR232 CDP/PLC |
| Defendant. | ) |

## INDICTMENT

**THE GRAND JURY CHARGES THAT:**

**A.  BACKGROUND**

1. At all times relevant to the indictment, U.S. Bank had assets insured by the Federal Deposit Insurance Corporation.

2. Defendant Shelley J. Fox was an employee working for Label Graphix Media Communications, Inc. ("Label Graphix") located in Arnold, Missouri, within the Eastern District of Missouri. Defendant Fox began working for Label Graphix in July 2014.

3. Defendant Fox worked as an assistant for the owner of the company doing various administrative tasks such as bookkeeping, accounting and correspondence.

4. As a result of her position, Defendant Fox had access and knowledge of various financial aspects of Label Graphix, such as its banking account and its accounts receivables.

5. The corporate banking account of Label Graphix was with U.S. Bank.

6. On November 14, 2014, Defendant Fox opened a checking account with U.S. Bank with Defendant Fox as the sole owner. On that same date, U.S. Bank issued a debit card to

1

Defendant Fox to access the account.

**B.     THE SCHEME**

7.     Between on or about November 14, 2014 and July 15, 2015, within the Eastern District of Missouri and elsewhere, Defendant Shelley J. Fox, executed and attempted to execute a scheme and artifice to defraud U.S. Bank and to obtain moneys, funds and assets owned by and/or under the custody and control of the aforementioned federally insured financial institutions by means of false and fraudulent pretenses and representations by depositing checks made payable to her employer into her personal checking account and using the funds for her own personal use.

**C.     MANNER AND MEANS OF THE SCHEME**

8.     As an employee with Label Graphix, Defendant Fox was responsible for receiving and processing invoice payments sent by Label Graphix's customers.

9.     These invoice payments took the form of checks drawn on other federally insured banks and made payable to Label Graphix.

10.    Defendant Fox would take these checks and deposit them into her personal checking account at U.S. Bank.

11.    Defendant Fox withdrew the full amount of the checks that she deposited into her account by making various ATM and branch withdrawals and purchases using her U.S. Bank debit card.

12.    Defendant Fox would endorse the check by handwriting or stamping Label Graphix's name to the back of check.

13.    In endorsing the checks in this manner, Defendant Fox falsely represented to U.S. Bank that she had authority on behalf of Label Graphix to deposit such checks into her account.

14. It was part of the scheme to defraud that the Defendant would deposit all of the checks she had wrongfully taken using either a U.S. Bank ATM or U.S. Bank's remote deposit application called "DepositPoint.' By depositing the checks in this manner, Defendant Fox avoided any questions that might have been posed by U.S. Bank personnel as to why she was depositing checks made out to Label Graphix to her own personal account.

15. It was also part of the scheme to defraud that in order to mask the money that Defendant Fox was taking from Label Graphix, Defendant Fox would apply credits or discounts for the check amount to the account of the customer whose check she had taken.

16. In furtherance of the aforementioned scheme to defraud, Defendant Fox made materially false and fraudulent pretenses, representations, and promises by causing checks drawn on other federally insured financial institutions to be presented to U.S. Bank for deposit into her personal account, thereby falsely and fraudulently representing that the payee of the checks, Label Graphix had authorized such a deposit, when in fact the payee had no prior knowledge that the checks were being deposited into Defendant Fox's personal account.

## COUNT ONE
### (Bank Fraud)

17. On or about March 16, 2015, within the Eastern District of Missouri,

**SHELLEY J. FOX**

the defendant herein, did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud U.S. Bank and to obtain by means of materially false and fraudulent pretenses, representations, and promises, the moneys, funds, credits, assets, securities and other property owned by and/or under the custody and control of U.S. Bank, by depositing and causing to be deposited into her personal checking account at U.S. Bank, check number 062097, dated March

11, 2015, payable to Label Graphix Media Communications, Inc., in the amount of $1,330.27, which was a check drawn on the Carlinville National Bank account of Tri Pro Graphics & Packing L.L.C.

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT TWO
### (Bank Fraud)

The Grand Jury further charges that:

1. The allegations contained in paragraphs 1 through 16 of Count One of this indictment are restated and incorporated herein.

2. On or about March 23, 2015, within the Eastern District of Missouri,

**SHELLEY J. FOX**

the defendant herein, did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud U.S. Bank and to obtain by means of materially false and fraudulent pretenses, representations, and promises, the moneys, funds, credits, assets, securities and other property owned by and/or under the custody and control of U.S. Bank, by depositing and causing to be deposited into her personal checking account at U.S. Bank, check number 524526, dated March 19, 2015, payable to Label Graphix Media Communications, Inc., in the amount of $6,161.74, which was a check drawn on the U.S. Bank account of Crown Packaging Corp.

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT THREE
### (Bank Fraud)

The Grand Jury further charges that:

1. The allegations contained in paragraphs 1 through 16 of Count One of this

indictment are restated and incorporated herein.

2. On or about June 2, 2015, within the Eastern District of Missouri,

**SHELLEY J. FOX**

the defendant herein, did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud U.S. Bank and to obtain by means of materially false and fraudulent pretenses, representations, and promises, the moneys, funds, credits, assets, securities and other property owned by and/or under the custody and control of U.S. Bank, by depositing and causing to be deposited into her personal checking account at U.S. Bank, check number 26210, dated May 29, 2015, payable to Label Graphix Media Communications, Inc., in the amount of $1,994.33, which was a check drawn on the The Northern Trust Company account of Handi-Craft Company.

In violation of Title 18, United States Code, Sections 1344 and 2.

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Section 982 (a)(2)(A), upon conviction of an offense in violation of Title 18, United States Code, Section 1344 as set forth in Counts One through Three of this indictment, the defendant, **SHELLEY J. FOX**, shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s) and any personal property used or intended to be used to commit the offense.

2. Subject to forfeiture is a sum of money equal to the value of the property constituting or derived from proceeds the defendant obtained directly or indirectly as a result of such violation.

3.  If any of the property described above, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

Dated: _____

A TRUE BILL

_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

_____
Gilbert C. Sison
Assistant United States Attorney